UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                              :        Chapter 13

JOSE A. RODRIGUEZ                     :

      Debtor                               :        Bankruptcy No. 05-17794

................................................

ORDER

................................................

      AND NOW, this 3rd day of October 2005, upon motion of the United States trustee to dismiss this case as filed in bad faith under 11 U.S.C. § 1307(c).  See generally In re Lilley, 91 F.3d 491, 494 (3d Cir. 1996); Matter of Smith, 848 F.2d 813, 816 n.3 (7th Cir. 1988); In re March, 83 B.R. 270, 275 (Bankr. E.D. Pa. 1988),

      And a similar motion having been filed by Bankers Trust Company ("as Trustee"), who asserts that it holds a first mortgage on the debtor's residence,

      And both movants seek dismissal of this case with a bar against future bankruptcy filings by this debtor,

      And after a consolidated evidentiary hearing,

      And the instant motions are supported by the standing chapter 13 trustee,

      And the motions are opposed by the debtor,

      And the debtor commenced the current chapter 13 case by filing a bankruptcy petition, pro se, on June 6, 2005.  He very recently retained counsel and filed his bankruptcy schedules and proposed plan,

      And this was the debtor's fourth pro se filing in less than two years.  The first case, docketed at Bankr. No. 04-13064, was dismissed about two months after filing

due to the debtor's failure to pay the requisite filing fee and to attend the statutory meeting of creditors,

And the second and third cases, docketed at Bankr. Nos. 04-32511 and 05-10521, were both quickly dismissed due to the debtor's failure to file the required bankruptcy schedules, statement of financial affairs and reorganization plan,

And these three prior cases, as well as the present fourth case, were commenced because the debtor's mortgagee had scheduled his home—located at 862 East Schiller Street, Philadelphia, Pennsylvania—for a foreclosure sale. All four bankruptcy filings were intended to stay a scheduled Sheriff sale of his residence,

And the debtor is approximately 42 months delinquent in mortgage payments. This delinquency, with costs and fees added thereto, totals about $28,000,

And at the time of this fourth bankruptcy filing, the debtor was a part-time, self-employed home repairman, earning not more than $350 per month. He is a widower, and receives about $540 per month in Supplemental Security benefits for one of his two minor children,

And after this case commenced, in August 2004, the debtor began employment as a security officer for Honor Guard Security, earning about $8 per hour, and netting $1,317.34 per month. Ex. T-2,

And the debtor's monthly mortgage payment is $320.40 per month. Ex. T-3,

And the debtor has proposed a chapter 13 plan calling for payments to the trustee of $500 per month. Ex. T-1. The plan as filed, however, does not provide for any secured claims nor priority claims nor unsecured claims. Id.,

And the debtor has not filed tax returns since 2002. He may owe delinquent taxes, which taxes would be a priority claim under section 507(a)(8), and priority claims must be paid in full in chapter 13 under section 1322(a)(2) (unless the creditor agrees otherwise),

And the debtor presently has no homeowner's insurance and thus does not adequately protect the secured interest of the mortgagee. <u>See</u>, <u>e.g.</u>, <u>In re Halley</u>, 70 B.R. 283, 285 (E.D. Pa. 1987) (unpaid real estate taxes, water and sewer bills and absence of fire insurance constituted a lack of adequate protection for the mortgagee); <u>In re Grundstrom</u>, 14 B.R. 791, 794-95 (Bankr. D. Mass. 1981); <u>In re Pittman</u>, 7 B.R. 760, 763 (Bankr. S.D.N.Y. 1980) (debtor's inability to obtain fire insurance places the collateral "in present and continuing danger of destruction with total loss"); <u>see also</u> <u>In re White</u>, 169 B.R. 526, 530 (Bankr. W.D.N.Y. 1994) (debtor has duty to maintain insurance on retained property if the secured claim is provided for under section 1325(a)(5)(B) and if the mortgage agreement so requires),

And, although his filed plan does not so state, the debtor intended for his reorganization plan to provide for regular monthly mortgage payments to his mortgagee, plus payments to the chapter 13 trustee that would cure his pre-bankruptcy delinquency. <u>See</u> 11 U.S.C. § 1322(b)(5). However, he has not tendered any plan payments to the trustee and cannot afford to do so until October 2005,

And the debtor has tendered $600 in payments to the mortgagee since filing this bankruptcy case and cannot tender any further payments until October 2005. Thus, he is already more than one monthly mortgage payment delinquent postpetition,

And, in general, while the Bankruptcy Code does not contain any express limitation on refiling a bankruptcy case after another is dismissed—unless the dismissal order contains such a prohibition, see In re Casse, 198 F.3d 327 (2d Cir. 1999), or the provisions of section 109(g) apply—many courts have recognized that it is inappropriate for a debtor to file another bankruptcy reorganization case (under chapters 11, 12, or 13) after dismissal of an earlier one, unless there has been a material change of circumstances which demonstrates that the second (or later) reorganization attempt now has a possibility of success after the first had failed.  See, e.g., Matter of Elmwood Development Co., 964 F.2d 508 (5th Cir. 1992); In re Chisum, 847 F.2d 597 (9th Cir.), cert. denied sub nom. Mortgage Mart, Inc. v. Rechnitzer, 488 U.S. 892 (1988); In re Johnson, 708 F.2d 865 (2d Cir. 1983); In re Oglesby, 158 B.R. 602 (E.D. Pa. 1993); In re McKissie, 103 B.R. 189, 192 (Bankr. N.D. Ill. 1989),

And serial or successive bankruptcy filings may be evidence of misuse of the bankruptcy process, intended only to forestall the collection efforts of creditors and not filed in good faith.  See, e.g., In re Huerta, 137 B.R. 356, 367 (Bankr. C.D. Cal. 1992).  The "kind of 'changed circumstances' required to justify a successive filing must be positive changes" reflecting on the debtor's ability to successfully reorganize under chapter 13.  Id. at 368,

And when a party in interest shows that there have been repeated unsuccessful bankruptcy reorganization filings, the debtor has the evidentiary burden to demonstrate that his circumstances have materially changed so there is some likelihood that the present reorganization case will succeed.  A failure to do so may permit a court to "reasonably infer that the successively filed case or cases were commenced solely to

prevent or delay foreclosure." In re Huerta, 137 B.R. at 369; see In re McKissie, 103 B.R. at 192 ("The Debtors have not produced any evidence that there has been a bona fide objective change in their circumstances since the filing and dismissal of the first Chapter 13 case to justify the filing of their serial case."),

And this evidentiary burden is consistent with the allocation of the burden of persuasion established by the Third Circuit Court of Appeals in non-chapter 13 bankruptcy cases when a party seeks dismissal for a bad faith filing. See In re Tamecki, 229 F.3d 205, 207 (3d Cir. 2000); In re SGL Carbon Corp., 200 F.3d 154, 162 n.10 (3d Cir. 1999). Essentially, once the moving party demonstrates serial filings, the debtor must come forward with evidence demonstrating that the bankruptcy process is not being misused,

And when an individual has filed many failed reorganization cases, as in this instance, the evidence needed to demonstrate a material change in circumstances supporting a reasonable possibility of reorganization grows heavier. See In re LeGree, 285 B.R. 615, 620 (Bankr. E.D. Pa. 2002),

And in determining whether a bad faith filing exists, the bankruptcy court has the discretion to reach the appropriate result in a particular case based upon all of the circumstances. See In re Lilley, 91 F.3d at 496; Matter of Love, 957 F.2d 1350, 1354 (7th Cir. 1992); In re Mazzocone, 180 B.R. 782 (E.D. Pa. 1995),

And in this contested matter, the debtor is already delinquent in mortgage payments postpetition, has not filed a confirmable plan, does not have homeowner's insurance, has not filed tax returns and thus does not know the extent of his priority claims, does not appear to have sufficient income at present to reorganize, has filed four

5

bankruptcy cases designed to thwart a foreclosure sale, continually filed <u>pro</u> <u>se</u> cases that were quickly dismissed because he could not comply with the rules of bankruptcy procedure, had no material change in circumstances when he commenced this latest case (as he was not employed until about two months after filing), and is more than three years delinquent on his mortgage.  Given these circumstances, the debtor has not met his evidentiary burden to demonstrate a good faith bankruptcy filing,

      Accordingly, it is hereby ordered that the motions to dismiss are granted and this bankruptcy case is dismissed.  It is further ordered that the debtor is barred from filing future bankruptcy cases for a period of 180 days.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mr. Jose A. Rodriguez, Jr.
862-E Schiller St.
Philadelphia, PA 19134

Rachel Benner Deangelo, Esq.
Arlene Glenn Simolibe, Esq.
7234 Frankford Avenue
Philadelphia, PA 19135-1016

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106

Kevin P. Callahan, Esq.
United States Trusee, Dept. of Justice
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Leon P. Haller, Esq.
Purcell, Krug and Haller
1719 North Front Street
Harrisburg, PA 17102

Leslie E. Puida, Esquire
Goldbeck, McCafferty & McKeever
701 Market Street, Suite 5000
Philadelphia, PA 19106